**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-50732
Summary Calendar

ZBIGNIEW M. WOJCIK,

Plaintiff-Appellant,

VERSUS

UNIVERSITY OF TEXAS AT SAN ANTONIO,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(SA-95-CV-93)

April 2, 1997

Before WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Zbigniew M. Wojcik sued his former employer, the University of Texas at San Antonio (UTSA), for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. §2000e, et seq. Wojcik, a native of Poland, alleges he was denied tenure because of his national origin. The district court granted summary judgment for the defendant. Wojcik appeals.

As is well known, in a Title VII case the plaintiff must first

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

establish a prima facie case of discrimination.  To establish a prima facie case in the context of a denial of tenure, the plaintiff must show that: (1) he belongs to a protected group, (2) he was qualified for tenure, and (3) he was denied tenure in circumstances permitting an interference of discrimination.[1]  If the plaintiff establishes a prima facie case, then he has raised a presumption of discrimination and the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for the challenged action.[2]  If the defendant meets this burden by presenting evidence which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action, then the presumption raised by the plaintiff's prima facie case essentially disappears, and the plaintiff is left with the ultimate burden, which has never left him: that of proving that the defendant intentionally discriminated against him.[3]

Other circuits have recognized that tenure decisions in colleges and universities involve considerations that set them apart from other kinds of employment decisions.[4]  Those factors are: (1) tenure contracts require unusual commitments as to time

---

[1]  *Zahorik v. Cornell University*, 729 F.2d 85, 92 (5th Cir. 1984).

[2]  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[3]  *St. Mary's Honor Center v. Hicks*, 113 S.Ct. 2742, 2747-49 (1993).

[4]  *Zahorik v. Cornell University*, 729 F.2d 85, 92 2nd Cir. 1992); *Kumar v. University of Massachusetts*, 774 F.2d 1, 11 (5th Cir. 1985).

and collegial relationships, (2) academic tenure decisions are often non-competitive, (3) tenure decisions are usually highly decentralized, (4) the number of factors considered in tenure decisions is quite extensive, and (5) tenure decisions are a source of unusually great disagreement.[5]

Tenure decisions are not, however, exempt from judicial scrutiny under Title VII. To prove a prima facie case, a plaintiff may be able to show "departures from procedural regularity", "conventional evidence of bias on the part of individuals involved", or that the plaintiff is found to be qualified for tenure by "some significant portion of the departmental faculty, referrants or other scholars in the particular field".[6]

In this case, the district court carefully considered the special considerations outlined in *Zahorik* and concluded, based on undisputed facts, that there was no evidence that unlawful discrimination played a role in UTSA's decision to deny tenure to Wojcik. Based on our de novo review of the record, we find that the summary judgment was appropriate. Accordingly, the district court is AFFIRMED.

---

[5] *Zahorik*, 729 F.2d at 92-93.

[6] *Id.* at 93-94.